```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        NORTHEASTERN DIVISION


JEFF SCANTLAND                  ]
     Plaintiff,                 ]
                                ]
v.                              ]      No. 2:10-0023
                                ]      Judge Trauger
CASIE HARRIS                    ]
     Defendant.                 ]
```

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Jackson County Jail in Gainesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Casie Harris, Administrator of the Jackson County Jail, seeking injunctive relief and damages.

On March 3, 2010, the defendant ordered the plaintiff locked in a one man cell. For seven days, the water to the plaintiff's toilet was cut off, leading to a build up of human waste in the toilet. The plaintiff claims that this action constituted cruel and unusual punishment in violation of his constitutional rights.

This action is being brought against the defendant in her official capacity only. As such, the plaintiff is suing the defendant's official office rather than the individual herself. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Jackson County, the municipal entity that operates the Jackson

County Jail. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Jackson County or its agent, the Jackson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Jackson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Jackson County that required the water to his toilet being cut off. Consequently, the plaintiff has failed to state a claim against the defendant acting in her official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                Aleta A. Trauger
                                                United States District Judge